Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle (Yamali) Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Kelly Toys Holdings, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY TOYS HOLDINGS, LLC, <br><br> *Plaintiff* <br><br> v. <br><br> 27955068 STORE, AURORA09 STORE, CC GO STORE, CHILDREN AND BABY HOUSE STORE, CJB1141434122 STORE, DAZZLING COSMETIC STORE, DONGGUAN AI CHENG TOYS CO., LTD., DONGGUAN NUOYI TOYS CO., LTD., DREAMER TOY(DROP SHIPPING) STORE, FREE MARKET CO., LTD, FUNFUN TOY STORE, GLORILIFE INDUSTRIES (SHENZHEN) LIMITED, GOGOMYLITTLEBABY STORE, GOODLUCK BABY STORE, GUANGZHOU HAPPY ISLAND TOYS CO., LTD., HAH STORE, HEITAN STORE, HOTSALE BAGS STORE, JINHUA DARREN TRADING CO., LTD., MIMI DAI MOMMY BABY STORE, MIRICAL KIDS TOY STORE, MY STYLISH PREGNANT BABY TOY STORE, NANTONG GELAS IMPORT & EXPORT CO., LTD., NINGBO BEEJAY TRADING CO., LTD., PUJIANG MSM ART AND CRAFTS FACTORY, QINGDAO QUNZE TOYS CO., LTD., SEVENU STORE, SHENZHEN DIHAO TECHNOLOGY CO., LTD., SHENZHEN DINGLANG TECHNOLOGY CO., LTD., SHENZHEN NEWSTAR ELECTRONIC | **CIVIL ACTION No.** <br> **21-cv-3081 (DLC)** <br><br> ~~[REVISED PROPOSED]~~ <br> **FINAL DEFAULT JUDGMENT** <br> **AND PERMANENT** <br> **INJUNCTION ORDER** |

TECHNOLOGY CO., LTD., SHENZHEN TUOYI ELECTRONIC COMMERCE CO., LTD., SHENZHEN XINYUETANG TOYS GIFT CO., LTD., SHIJIAZHUANG QUNZE TRADING CO., LTD., SHOP342746 STORE, SHOP5382088 STORE, SHOP5517084 STORE, SHOP5881993 STORE, SHOP910355034 STORE, SHOP910547161 STORE, SHOP911064054 STORE, SHOP911231053 STORE, SHOP911443018 STORE, SHOP911529023 STORE, SNOWSHINE4 STORE, TOY SHOP STORE, XIAOMI-SHENZHEN STORE, XIAOXIAN RUIYI COMMERCIAL TRADE CO., LIMITED, YANGZHOU AIXINI INTERNATIONAL TRADE IMPORT AND EXPORT CO., LTD., YANGZHOU CREATIVE TOYS AND GIFTS CO., LTD., YANGZHOU DIXIN TOYS CO., LTD., YANGZHOU DULALA CRAFTS LTD., YANGZHOU GUAN YUE HOUSEWARE CO., LTD., YANGZHOU HOME KA CRAFTS LTD., YANGZHOU MISSYOU ARTS & CRAFTS CO., LTD., YANGZHOU XINGLING CHEN ELECTRONIC COMMERCE CO., LTD., YANGZHOU XINGNANCHEN ELECTRONIC COMMERCE CO., LTD., YIWU DOLPHINESHOW TRADING CO., LTD., YIWU YUEYING TRADING LTD. and YIZHENG LIUJI TOWN XINCHEN TOY FACTORY,

*Defendants*

# GLOSSARY

| Term | Definition | Docket Entry Number |
|------|-----------|---------------------|
| **Plaintiff or Kelly Toys** | Kelly Toys Holdings, LLC | N/A |
| **Defendants** | 27955068 Store, Aurora09 Store, CC GO Store, Children and Baby House Store, cjb1141434122 Store, Dazzling Cosmetic Store, Dongguan Ai Cheng Toys Co., Ltd., Dongguan NuoYi Toys Co., Ltd., DREAMER TOY(drop shipping) Store, Free Market Co., Ltd, FunFun Toy Store, Glorilife Industries (Shenzhen) Limited, Gogomylittlebaby Store, goodluck baby Store, Guangzhou Happy Island Toys Co., Ltd., Hah Store, Heitan Store, Hotsale Bags Store, Jinhua Darren Trading Co., Ltd., Mimi Dai Mommy Baby Store, Mirical Kids Toy Store, My Stylish Pregnant Baby Toy Store, Nantong Gelas Import & Export Co., Ltd., Ningbo Beejay Trading Co., Ltd., Pujiang MSM Art And Crafts Factory, Qingdao Qunze Toys Co., Ltd., SevenU Store, Shenzhen Dihao Technology Co., Ltd., Shenzhen Dinglang Technology Co., Ltd., Shenzhen Newstar Electronic Technology Co., Ltd., Shenzhen Tuoyi Electronic Commerce Co., Ltd., Shenzhen Xinyuetang Toys Gift Co., Ltd., Shijiazhuang Qunze Trading Co., Ltd., Shop342746 Store, Shop5382088 Store, Shop5517084 Store, Shop5881993 Store, Shop910355034 Store, Shop910547161 Store, Shop911064054 Store, Shop911231053 Store, Shop911443018 Store, Shop911529023 Store, snowshine4 Store, Toy Shop Store, Xiaomi-Shenzhen Store, Xiaoxian Ruiyi Commercial Trade Co., Limited, Yangzhou Aixini International Trade Import And Export Co., Ltd., Yangzhou Creative Toys and Gifts Co., Ltd., Yangzhou Dixin Toys Co., Ltd., Yangzhou Dulala Crafts Ltd., Yangzhou Guan Yue Houseware Co., Ltd., Yangzhou Home Ka Crafts Ltd., Yangzhou Missyou Arts & Crafts Co., Ltd., Yangzhou Xingling Chen Electronic Commerce Co., Ltd., Yangzhou Xingnanchen Electronic Commerce Co., Ltd., Yiwu Dolphineshow Trading Co., Ltd., Yiwu Yueying Trading Ltd. and Yizheng Liuji Town Xinchen Toy Factory | N/A |
| **Defaulting Defendants** | 27955068 Store, Aurora09 Store, CC GO Store, Children and Baby House Store, cjb1141434122 Store, Dazzling Cosmetic Store, Dongguan Ai Cheng Toys | N/A |

i

| | Co., Ltd., DREAMER TOY(drop shipping) Store, FunFun Toy Store, Glorilife Industries (Shenzhen) Limited, Gogomylittlebaby Store, goodluck baby Store, Guangzhou Happy Island Toys Co., Ltd., Hah Store, Heitan Store, Hotsale Bags Store, Jinhua Darren Trading Co., Ltd., Mimi Dai Mommy Baby Store, Mirical Kids Toy Store, My Stylish Pregnant Baby Toy Store, Nantong Gelas Import & Export Co., Ltd., Qingdao Qunze Toys Co., Ltd., SevenU Store, Shenzhen Dinglang Technology Co., Ltd., Shenzhen Newstar Electronic Technology Co., Ltd., Shenzhen Tuoyi Electronic Commerce Co., Ltd., Shenzhen Xinyuetang Toys Gift Co., Ltd., Shijiazhuang Qunze Trading Co., Ltd., Shop342746 Store, Shop5382088 Store, Shop5517084 Store, Shop5881993 Store, Shop910355034 Store, Shop910547161 Store, Shop911064054 Store, Shop911231053 Store, Shop911443018 Store, Shop911529023 Store, snowshine4 Store, Toy Shop Store, Xiaomi-Shenzhen Store, Xiaoxian Ruiyi Commercial Trade Co., Limited, Yangzhou Aixini International Trade Import And Export Co., Ltd., Yangzhou Dulala Crafts Ltd., Yangzhou Guan Yue Houseware Co., Ltd., Yangzhou Home Ka Crafts Ltd., Yangzhou Missyou Arts & Crafts Co., Ltd., Yangzhou Xingling Chen Electronic Commerce Co., Ltd., Yangzhou Xingnanchen Electronic Commerce Co., Ltd., Yiwu Dolphineshow Trading Co., Ltd., Yiwu Yueying Trading Ltd. and Yizheng Liuji Town Xinchen Toy Factory | |
|---|---|---|
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on April 9, 2021 | N/A |
| **Complaint** | Plaintiff's Complaint filed on April 9, 2021 | Dkt. 6 |

| Application | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on April 9, 2021 | Dkts. 12-15 |
|---|---|---|
| Kelly Dec. | Declaration of Jonathan Kelly in Support of Plaintiff's Application | Dkt. 15 |
| Drangel Dec. | Declaration of Jason M. Drangel in Support of Plaintiff's Application | Dkt. 14 |
| TRO | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on April 20, 2021 | Dkt. 17 |
| PI Show Cause Hearing | May 7, 2021 hearing to show cause why a preliminary injunction should not issue | N/A |
| PI Order | May 24, 2021 Preliminary Injunction Order | Dkt. 4 |
| User Account(s) | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| Merchant Storefronts | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| Squishmallows Registrations | U.S. Trademark Registration Nos.: 5,454,574 for "SQUISHMALLOW" for goods in Class 28; 6,137,521 for "FLIP A MALLOWS" for goods in Class 28; 5,962,289 for "MYSTERY SQUAD" for goods in Class | N/A |

| | | |
|---|---|---|
| | 28; and 2,029,047 for "KELLYTOY" for goods in Class 28 | |
| **Squishmallows Application** | U.S. Trademark Serial Application No.: 88/471,796 for "SQUISHMALLOWS HUGMEES" for goods in Class 28 | N/A |
| **Squishmallows Marks** | The marks covered by the Squishmallows Registrations and Squishmallows Application | N/A |
| **Squishmallows Works** | The works covered by the U.S. copyright registrations listed in Exhibit C to the Complaint | N/A |
| **Squishmallows Products** | A line of loveable buddies made with a super soft, marshmallow-like texture that come in a variety of sizes from 3.5-inch clip-ons to extra-large 24 inch plush toys, and have expanded to other styles including Hug Mees, Stackables, Mystery Squad and Flip-A-Mallows. | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Squishmallows Marks and/or Squishmallows Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Squishmallows Marks and/or Squishmallows Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Squishmallows Marks and/or Squishmallows Works and/or products that are identical or confusingly or substantially similar to the Squishmallows Products | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, | N/A |

iv

|  | their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |  |
|---|---|---|
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on July 23, 2021 | TBD |
| **Futterman Aff.** | Affidavit by Danielle (Yamali) Futterman in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, copyright infringement, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Squishmallows Marks and/or Squishmallows Works without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Danielle (Yamali) Futterman in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendant, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.    Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly pled against Defaulting Defendants in the Complaint;

## II.    Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary above and in Plaintiff's Memorandum of Law in Support of its Motion for Default Judgment (Dkt. 35).

award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded statutory damages in the amount of $50,000.00 ("Defaulting Defendants' Individual Damages Award") against each of the fifty-two (52) Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest, for a total of Two Million Six Hundred Thousand Dollars ($2,600,000.00);

## III.   Permanent Injunction

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendant, its respective officers, agents, servants, employees, and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Squishmallows Marks and/or Squishmallows Works and/or marks and/or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Squishmallows Marks and/or Squishmallows Works;

B. directly or indirectly infringing in any manner Plaintiff's Squishmallows Marks and/or Squishmallows Works;

C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Squishmallows Marks and/or Squishmallows Works to identify any goods or services not authorized by Plaintiff;

D. using Plaintiff's Squishmallows Marks and/or Squishmallows Works, or any other marks and/or artwork that are confusingly or substantially similar to the Squishmallows

2

Marks and/or Squishmallows Works on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

    i. Defaulting Defendants' User Accounts and/or Merchant Storefronts;

    ii. Defaulting Defendants' Assets; and

    iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

F. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Squishmallows Marks and/or Squishmallows Works, or bear any marks and/or artwork that are confusingly or

3

substantially similar to the Squishmallows Marks and/or Squishmallows Works pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

    A. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Assets from or to Defaulting Defendants' Financial Accounts; and

    B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(C)(1) above.

## IV.   Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

## V.   Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendants' Frozen Assets, Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

4

3) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this _17th_ day of ___September___, 2021, at __5:00__ p.m.

_____
HON. DENISE L. COTE
UNITED STATES DISTRICT JUDGE

5